IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMY P., Individually and on behalf of D.D., *Plaintiff,* v. SCHOOL DISTRICT OF PHILADELPHIA, *Defendants.* | CIVIL ACTION NO. 24-319 |

Pappert, J.                                                                                                    February 26, 2025

**<u>MEMORANDUM</u>**

Amy. P, individually and behalf of her minor daughter D.D., filed a petition seeking court approval of a Settlement Agreement resolving this litigation. The Court grants the petition and approves the Agreement.

I

D.D. suffers from an intellectual disability, speech and language impairment, and a central auditory processing disorder. (Pet. for App. of Sett. at 4, ECF No. 13.) In July of 2022, Amy P. brought a due process complaint against the School District of Philadelphia alleging it failed on several occasions to provide D.D. with a free and appropriate public education as required by the Individuals with Disabilities in Education Act. *See generally* (Compl.). On December 24, 2023, a Pennsylvania Special Education Due Process Hearing Officer determined that the District repeatedly violated the IDEA and Section 504 of the Rehabilitation Act of 1973, and ordered the District to provide the following relief:

(1) One full school day of compensatory education for each school day D.D.

       attended between July 27, 2020 and the last day of the 2022-23 school year, exclusive of extended school year 2020, 2021, and 2022;

    (2) Direct, school-based individual speech and language therapy, twice a week for thirty minutes each session, and once a week for thirty minutes in a group setting to address pragmatic and nonverbal language skills with peers, and thirty minutes per month of consultation time with a District speech language pathologist (SLP) and D.D.'s teachers;

    (3) Conduct a SETT evaluation of D.D. to assess for assistive technology needs; and

    (4) Convene D.D.'s IEP team, including Amy. P., to revise the Student's IEP with the participation of a District or independent inclusion professional.

(Pet. for App. of Sett., Ex. A.)

In January of 2024, Amy P., individually and on behalf of D.D., brought this action under the IDEA, Section 504, and Title II of the Americans with Disabilities Act. (Compl. ¶ 1, ECF No. 1.) She sought the following relief:

(a) place a specific monetary value on the compensatory education or, alternatively, order the District to pay the total costs for all compensatory education services at the rate service providers charge the Parent; (b) extend the time for which Parent and D.D. may use the compensatory education; (c) . . . order the District to place the monetized value of the compensatory education into a special needs trust to be managed by a third-party administrator; and (d) order compensatory education for days that the District failed to provide D.D. bus transportation, which caused D.D. to miss school.

(Pet. for App. of Sett. at 5.)

The District agreed to settle the claims against it for the following amounts: (1) $207,000 in compensatory education funds for D.D.'s legitimate educational expenses—including, *inter alia*, tutoring, assistive technology, social skills training, and behavioral therapy—until she turns 25, and (2) $360,000 in reimbursement for attorneys' fees from May of 2022 through January of 2025. (*Id.* at 6.)

II

Rule 41.2 of the Local Rules of Civil Procedure provides that "[n]o claim of a minor . . . shall be compromised, settled, or dismissed unless approved by the court," "[n]o distribution of proceeds shall be made out of any . . . settlement . . . unless approved by the court," and "[n]o counsel fee, costs or expenses shall be paid out of any fund obtained for a minor . . . unless approved by the court." Loc. R. Civ. P. 41.2(a)–(c). This rule is procedural and does not provide a substantive rule of decision. Federal courts thus apply state law to "determine the fairness of [the] settlement agreement and the reasonableness of any attorneys' fees to be paid from the settlement amount . . . ." *Nice v. Centennial Area Sch. Dist.*, 98 F. Supp. 2d 665, 669 (E.D. Pa. 2000).

Under Pennsylvania law, "in considering whether to approve a settlement, the Court is charged with protecting the best interests of the minor." *Power v. Tomarchio*, 701 A.2d 1371, 1374 (Pa. Super. Ct. 1997). "To assure that the child's interests are protected, the 'petition should include all relevant facts and the reasons why the guardian of the minor believes that a settlement is desirable and in the minor's best interest to discontinue, compromise, or settle the action.'" *Collier v. Dailey*, No. 98-3261, 1998 WL 666036, at *1 (E.D. Pa. Sept. 24, 1998) (citing *Klein v. Cissone*, 443 A.2d 799, 802 (Pa. Super. Ct. 1982). Although "the parties and counsel are usually in the best position to evaluate the settlement and their judgments are entitled to considerable weight," "[t]he court must be prepared to substitute its judgment for that of the minors, the minors' counsel, and the minors' guardian." *Calvert v. General Accident Ins. Co.*, No. 99-3599, 2000 WL 124570, at *5 (E.D. Pa. Feb. 2, 2000).

III

After reviewing the petition and the exhibits, the Court finds that the terms of the Agreement are all tailored to completely or substantially fulfill D.D.'s preferred relief.  Given the uncertainties, risks and costs associated with further litigation, this Agreement is in D.D.'s best interests.  *See J.N. v. Penn-Delco Sch. Dist.*, No. 14-1618, 2017 WL 395481, at *5 (E.D. Pa. Jan. 30, 2017) (approving IDEA settlement agreement because the award included most of what was requested in the complaint, and "allows J.N. to avoid the risk of continued litigation").

A

First, the Agreement provides $207,000 in compensatory education funds.  In their Complaint, Plaintiffs asked that a value of $100–50 be placed on the compensatory education hours ordered by the state hearing officer.  (Compl. ¶¶ 67–70.)  The hearing officer ordered compensatory education of "[o]ne full school day of compensatory education for each school day D.D. attended" during three school years.  (Pet. for App. of Sett., Ex. A, at 50.)  The Agreement provides D.D. with 3,450 hours of compensatory education valued at $60 per hour.  (*Id.*, Ex. B, at 57.)  Pennsylvania law states that there are 990 hours each school year between seventh and twelfth grade.  22 Pa. Code § 11.3 (2006).  Thus, the settlement provides D.D nearly three-and-a-half years of compensatory education—more than the three school years covered by the hearing officer's decision—valued at $60 per hour, or just over two years of compensatory education valued at $100 per hour.  The Agreement also requires the District to make payments directly to the vendors, so "there is no need for [D.D.'s] parents to account for how they have handled the settlement funds."  *J.N. v. Penn-Delco*

*Sch. Dist.*, 2017 WL 395481, at *5.

Further, the Complaint alleged the hearing officer "arbitrarily" held that the compensatory education is only available through D.D.'s 21st birthday and asked the Court for an extension of that period. (Compl. ¶ 71–73.) The Agreement extends that timeframe to D.D.'s 25th birthday. (Pet. for App. of Sett., Ex. B, at 60.)

Finally, the Complaint stated the District has sometimes "delayed in reimbursing parents by as much as several years." (Compl. ¶ 74–78.) The Agreement imposes a legally enforceable obligation on the District to pay pre-approved vendors within sixty days of receipt of appropriate documentation, and all other vendors within sixty days of approval and receipt of documentation. (Pet. for App. of Sett., Ex. B., at 61.) The Agreement also requires the District to act on a vendor's application within thirty days "in good faith" and not to "withhold approval absent good cause." (*Id.*)

### B

The Agreement authorizes $20,954.50 in expenses to be deducted from the $207,000 compensatory education fund to pay for services counsel retained to "inform the IEP team about the services [D.D.] needs and to testify" on her behalf at the due process hearing. (Pet. for App. of Sett. at 7); (*Id.*, Ex. B., at 58–59); (*Id.*, Ex. D., at 170–80.) Because these payments are being "made out of [the] fund obtained for" D.D., they require the Court's approval. Loc. R. Civ. P. 41.2(b). This deduction will reduce D.D.'s available compensatory education funds to $186,045.50, effectively reducing the total compensatory education hours from 3,450 to 3,100, when valued at $60 each. Nonetheless, this is a large sum for D.D. to use towards her education for years to come, and it is still in her best interest.

C

The Agreement also awards $360,000 to Amy P.'s attorneys for legal work performed over the course of several years. (Pet. for App. of Settlement, Ex. B., at 62.) But Rule 41.2(c) only requires court approval of attorneys' fee awards if they are to be "paid *out of* any fund obtained for a minor." Loc. R. Civ. P. 41.2(c) (emphasis added). The Agreement's attorneys' fee award is separate from, not taken "out of," the compensatory education award to D.D. *See Calvert*, 2000 WL 124570, at *6 ("[The defendant] agrees to pay the Calverts' counsel's fees and expenses separately from the amount it agrees to pay to settle the instant action and other pending lawsuits. That is, [the defendant's] payment of the Calverts' attorneys' fees does not directly impact the parties' proposed settlement fund."). Thus, the Court "lacks authority to review the reasonableness" of this attorneys' fee award. *Id.*

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.